**MICROWAVE ASSOCIATES, INC.**

v.

**The UNITED STATES.**

No. 459–80 C.

United States Claims Court.

Sept. 28, 1983.

Edward F. Pearlman, Boston, Mass., for plaintiff.

Harry E. Barlow, Washington, D.C., with whom is Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

SETO, Judge.

In this patent case, TRAK Microwave Corporation (TRAK), a non-party, filed a Motion to Quash a Subpoena *Duces Tecum*. Plaintiff subpoenaed TRAK to appear with specified documents for a second deposition. TRAK objected to a second deposition on grounds that it would be repetitive and overly burdensome because preparation for the deposition would entail an exhaustive search through its technical diagrams and sales documents. TRAK asserts that these documents either were examined during the first deposition or are related to devices clearly outside the scope of plaintiff's patent claims. TRAK argues moreover that much of the information requested by plaintiff is proprietary and its dissemination to plaintiff would hinder TRAK's competitiveness.

The issues presented by TRAK's Motion to Quash were complex and ambiguous; a discovery conference was therefore convened in which counsels for TRAK, plaintiff, and defendant participated. The purpose of the conference was to establish guidelines regarding the documents which TRAK would have to produce at its second deposition.

During the conference, the parties agreed to exclude sales information from the scope of TRAK's deposition. Thus, plaintiff shall depose TRAK regarding only the infringement of the relevant claims by TRAK's devices. Thereafter, plaintiff may seek additional discovery as to the procurement by the Government of devices manufactured by TRAK which plaintiff believes infringe its patents, or, by motion, this suit may be bifurcated so as to establish liability before the issues of accounting are reached.

The parties also agreed to formulate a draft Protective Order which would shield TRAK's trade secrets from everyone but this court and counsel for Microwave and the Government. Having reviewed the proposed Protective Order, this court considers

it satisfactory and hereby incorporates it into this Order. (The Protective Order is attached).

Whether plaintiff's Subpoena *Duces Tecum* requires TRAK to produce documents on clearly non-infringing devices is the sole issue remaining for consideration. The devices of which plaintiff seeks discovery are the microwave transmission devices entitled "stub tuned circulators," an example of which is illustrated in Figure 1.

Figure 1.

Only the geometries of the stubs (41, 42, 43) and their junction (38) are relevant to this Order. In practice, the shape and size of the stubs affect the transmission of microwaves through the electrically conductive arms (33, 35, 40). Plaintiff's United States Letters Patent No. 3,673,518 entitled "Stub tuned circulator" (the " '518 patent") is in suit and claims a stub tuned circulator, as illustrated in Figure 1, in which the stubs have been individually tailored so as to achieve desired transmission properties through the conductive arms (33, 35, 40).

During the conference, three configurations for the stubs and their junction were discussed. The first configuration comprised a circular junction (6) from which no stubs extended, as illustrated in Figure 2.

Figure 2.

Plaintiff agreed that a circular junction having no protruding stubs was non-infringing and thus irrelevant.

■ The second configuration involved a stub tuned circulator in which all stubs were symmetrical, as shown in Figure 3.

Figure 3.

Plaintiff correctly stated that the mere symmetry of the stubs does not, *a fortiori*, mean that the tuned circulator is irrelevant to this suit. Therefore, TRAK can be deposed on stub tuned circulators having symmetrical stubs.

■ The third configuration involved a stub tuned circulator having stubs which extend outside the periphery of the ferrite discs (39 in Figure 1). Plaintiff asserts that

such a configuration may infringe the asserted patent claims. Two of the three independent claims, *viz.,* claims 3 and 14 of the '518 patent state, however, that the stubs terminate within a region adjacent to the ferrite discs. Claim 1, the remaining independent claim, does not expressly provide for stubs extending outside the periphery of the ferrite discs. On the contrary, the '518 patent specification twice limits the stub length to within the region of the ferrite discs. *See* '518 patent, col. 3, lines 58–60, and col. 4, lines 71–73. Moreover, during the prosecution of the '518 patent, an amendment to the claims was made as follows:

> In the present invention, on the other hand, the tuning stubs 41, 42, 43, are entirely within the area covered by the ferrite discs as is stated in page 10, lines 4–6 inclusive [which became lines 58–60 of column 3 of the '518 patent]. This concept has been specifically introduced into the claims by the foregoing amendments. ['518 patent file history, Amendment A, pages 3–4, filed February 15, 1972].

Therefore, stub tuned circulators having stubs extending outside the periphery of the ferrite discs are outside the scope of the '518 patent claims and are irrelevant to this suit.

Plaintiff may depose TRAK regarding stub tuned circulators which have stubs that terminate within the periphery of the ferrite discs and which do not comprise a circular junction absent stubs. TRAK's Motion to Quash Subpoena *Duces Tecum* is thus GRANTED IN PART.

IT IS SO ORDERED.

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1. If a party or deponent determines that the deposition of deponent or trial testimony of any person, exhibits, information gained during on-site inspection, or the documents or things of any person (including documents of a non-litigant corporation, partnership, trust or individual) which are not excludable from discovery, constitute or contain trade secret or other confidential research, development or commercial information proprietary to deponent (hereinafter "CONFIDENTIAL information"), it shall advise the other parties or deponent or their counsel of such fact by designation prior to any use or further use of confidential information. Transcripts, exhibits, inspection results, and documents or things designated as containing CONFIDENTIAL information shall not be disclosed or used by the party receiving them except as provided herein below. Where designated confidential or proprietary material is a severable portion of a single identifiable document, e.g., deposition transcripts, test reports, etc., such confidential portion should, where practicable, be filed and/or served separately and independently of the nonconfidential portions of such document for which there is no limitation on dissemination.

2. All transcripts, exhibits, inspection results, and documents or things designated as containing CONFIDENTIAL information which may be filed with this Court shall be placed in sealed envelopes or other appropriate sealed containers bearing the captioned title of this litigation, the word "CONFIDENTIAL" and a statement substantially in the following form:

> The contents hereof include confidential information in the form of [nature of items, e.g., documents] filed in this case by [name of party] in accordance with a Protective Order under Rule 26(c) entered in this case on [date]. This envelope [or container] is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court, and shall be returned to [name of filing party] upon termination of the proceedings in this case.

and such sealed envelopes or containers shall not be opened except by the undersigned Judge, his staff, or upon order of the Court, and shall be returned to the party filing them upon termination of the proceedings in this case who shall within 30 days after termination of the proceedings in this case return same to deponent.

3. All transcripts, exhibits, inspection results, and documents or things which have been designated as containing CONFIDENTIAL information shall be retained by trial counsel for the party receiving it, and shall be disclosed only to the following: a) to no one other than the Court in the manner prescribed above in paragraph (2) and b) to counsel for the parties hereto, including trial counsel and excluding house counsel for Plaintiff, and further excluding counsel for Defendant M/A–COM, Inc. in United States District Court, Middle District of Florida, Case No. 82–696–Civ–T–K, except that and solely for the purposes of this litigation any such CONFIDENTIAL information may be disclosed:

(a) by trial counsel for a party to their associate attorneys employed in connection with or in preparation for trial of this action, and to a limited number of clerical and stenographic personnel in the employ of said attorneys as required in connection with this action. As to those persons falling within category (a), deponent shall be informed promptly in writing of the identity of each such person to whom disclosure has been made, and shall be assured that each such person has been made familiar with, and agrees to abide by, the terms of this Protective Order.

(b) subject to prior approval by the deponent, to a limited number of other persons requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter of this litigation. Each person falling within category (b) to whom disclosure is to be made, shall be given a copy of the Protective Order and will be required, as a condition precedent to such disclosure, to sign a confidentiality agreement bearing the caption hereof and stating substantially in the following form:

The undersigned has read and understands the Protective Order Under Rule 26(c) entered in this case on [date] and agrees: (1) that he shall fully abide by the terms thereof; (2) that he shall not disclose CONFIDENTIAL information to or discuss such information with any person who is not authorized pursuant to the terms of the Order to receive the disclosure thereof and who has not signed a confidentiality agreement as therein provided; and (3) that he shall not use said CONFIDENTIAL information for any purposes other than for the purposes of this litigation.

Each person signing a confidentiality agreement shall have been identified previously for approval to counsel for the deponent. A copy of the signed confidentiality agreement shall be furnished to the deponent. The deponent may object to the disclosure of the CONFIDENTIAL information to such other person by promptly notifying the receiving party of said objection and the ground thereof and at the same time may submit such objection to the Court for ruling. In the event of such objection, disclosure under this paragraph shall be withheld pending the Court's ruling.

4. Before use of any CONFIDENTIAL information in connection with the testimony of a witness who is not a technical expert or consultant to one of the parties or an employee of one of the parties, the witness shall be given a copy of this Protective Order and shall acknowledge in writing or by averment that he or she has read and understands the provisions of the Protective Order and agrees to comply therewith and be bound thereby.

5. No person or party shall, for purposes of competition or otherwise, disclose or make use of any information obtained pursuant to pretrial discovery in or during trial of this litigation, which information shall have been designated as CONFIDENTIAL information. Without further Order of the Court, such information may be used or disclosed only for purposes of this litigation.

6. The party receiving any document or thing designated as containing CONFIDENTIAL information shall maintain a limit of three copies of same (plus such additional copies as the parties may agree are needed for the use of such experts and other persons necessary to aid in the conduct of this litigation as are authorized pursuant to paragraphs (3) and (4) above). No summaries, abstracts or analyses of said

designated documents or things shall be made by a non-designating party's counsel for distribution to or use by persons other than those set forth in paragraphs (3) and (4), above. At the conclusion of this litigation all such documents or things shall be returned to the party providing the same.

7. The restrictions provided for above shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further Order of the Court; provided, however, that this Order shall not be construed: (a) to prevent any party or its respective counsel from making use of information which, as evidenced by written records, was lawfully in its possession prior to the date of this Order; (b) to apply to information which, as evidenced by written records, is or was public knowledge at the time of or prior to disclosure in this litigation, or which, after such disclosure, becomes public knowledge other than by act or omission of the non-designating party or its agents, consultants or counsel in violation of this Order; or (c) to apply to information which, as evidenced by written records, any party or its counsel has lawfully obtained or shall hereafter lawfully obtain from a non-party to this litigation having the right to disclose such information.

8. This Order shall not prejudice the right of any party to seek relief from the Court at any time, upon good cause shown, from any of the provisions hereof, or bring before the Court at any time the question of whether or not any particular information is in fact confidential or proprietary, or admissible in or relevant or material to the subject matter of this litigation, or whether or not its use should be restricted in any way. Any party claiming that information designated as CONFIDENTIAL information is in fact not confidential shall have the burden of establishing such fact. A failure of any party to challenge a claim that information is CONFIDENTIAL information shall not constitute acquiescence in or a waiver of the right to contest such claim if a question of compliance with this Order is subsequently raised. Nothing contained herein shall be deemed a waiver of the requirements for a showing of good cause under the Court rules.

9. In the event that the receiving party disagrees with the designation by the conveying party of any such information as CONFIDENTIAL information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise.